### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

| | |
|---|---|
| BRIAN BILLINGS, | * |
| Plaintiff, | * |
| v. | * |
| | *    No. 1:17cv00053-JJV |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | * |
| Defendant. | * |

### MEMORANDUM AND ORDER

Mr. Billings has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which he could perform despite his impairments. (Tr. 38-53.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was forty-four years old at the time of the administrative hearing. (Tr. 70.) He testified he was "pretty sure" he completed the ninth grade in school. (*Id.*) He has past work as a carpenter. (Tr. 51.)

The ALJ[1] found Mr. Billings had not engaged in substantial gainful activity since August 12, 2014 – the date of the application. (Tr. 40.) He has "severe" impairments in the form of "degenerative disc disease, status-post gunshot wound to the left arm, anxiety disorder and affective disorder." (*Id.*) But the ALJ found he did not have an impairment that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 40-42.)

The ALJ determined Mr. Billings had the residual functional capacity to perform a reduced range of light work given his mental and physical impairments. (Tr. 42.) Based on his residual functional capacity, the ALJ determined Mr. Billings could no longer perform his past work. (Tr.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

51.) He, therefore, utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his limitations. (Tr. 84-89.) Based on the testimony of the vocational expert, the ALJ determined he could perform the jobs of routing clerk and inspector/hand packager. (Tr. 52.) Accordingly, the ALJ determined Mr. Billings was not disabled. (*Id.*)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-6.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.) In support of his Complaint, Mr. Billings argues the ALJ's residual functional capacity and credibility assessments are flawed. (Doc. No. 15 at 9-15.)

Mr. Billings clearly suffers from some level of pain and limitation. But after carefully considering the ALJ's opinion, the medical record, and the briefs from the respective parties, I find the ALJ's opinion is supported by substantial evidence on the record as a whole.

The central issue in this case is whether the ALJ properly assessed the limiting effects of Plaintiff's arm and back impairments. I find this case to be a close call. There is some important evidence that supports Plaintiff's allegations that he is unable to work because of the debilitating pain and limitation associated with his degenerative disc disease and the residual effects from the gunshot wound to his arm. However, there is also substantial evidence to support the ALJ's decision that Plaintiff is not precluded from all forms of work activity.

Plaintiff argues that the ALJ improperly discounted the opinion of Anandaraj Subramanium, M.D., who performed a consultative General Physical Examination of Plaintiff. (Tr. 352-357.) Dr. Subramanium assessed that Plaintiff had "moderate to severe limitation" with prolonged standing, walking, lifting, carrying or handling. (Tr. 356.) The ALJ stated this

examination was performed "well before the claimant's alleged onset date, [and it was] considered for its historical purposes only." (Tr. 48.) The ALJ also determined Dr. Subramanium's findings "failed to quantify what he meant by moderate to severe limitations." (*Id.*) I agree with Plaintiff's argument with regard to the ALJ's criticism of Dr. Subramanium's report. And while this examination is very favorable to Plaintiff's claim, it does not rule out the possibility that Plaintiff could perform a reduced range of light work.

Moreover, there is other more recent and persuasive evidence to support the ALJ's conclusion that Plaintiff is capable of performing light work. For example, the treatment notes of Ronald Tilley, M.D., overall support the ALJ's conclusion that Plaintiff is capable of light work activities. Dr. Tilley does report that Plaintiff's range of motion is "greatly reduced." (Tr. 536.) But as the Commissioner points out, he notes the diagnostic tests reveal nothing to support a claim of disability. (Tr. 538.) Dr. Tilley initially recommended "increased activity, core strengthening, proper weight management and avoidance of painful triggers." (Tr. 537.) However, because conservative treatment was not working, Dr. Tilley performed a sacroiliac joint steroid injection. (Tr. 544-545.) After this procedure, Plaintiff still complained of pain. Reports from his visit with Dr. Tilley stated, "Discussed xrays of knees and back are relatively normal. He likely has post traumatic pain from left elbow [gunshot wound] in which bullet self extracted. However, he has such a multitude of various pain complaints that it is difficult to determine his true pain generators. I do feel there is a psychosocial aspect as well." (Tr. 548.) Three months later, on April 5, 2016, Dr. Tilley reported, "Discussed with patient today that he should not fill multiple RX from different physicians. We are not writing opioid further at this time as his MRI and other imaging is relatively normal." (Tr. 570.) Additionally, Tracy Bollinger-Fisher, APRN, stated she "cannot explain all of [Plaintiff's] symptoms or some of the findings on his examination." (Tr. 566.)

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff clearly has some serious physical impairments, the overall medical evidence supports a conclusion that Plaintiff is capable of performing a reduced range of light work.

Plaintiff argues that the ALJ failed to develop the record by not ordering additional consultative examinations. (Doc. No. 15 at 13-14.) But the ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Moreover, Plaintiff is reminded he had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). The fact that Plaintiff's counsel did not obtain (or, as far as the record reflects, try to obtain) residual functional capacity opinions from his treating doctors suggests they are of only minor importance. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). Moreover, I find no indication that Plaintiff or his counsel requested that the ALJ order a consultative evaluation at any time during the administrative process. Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed. Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither; therefore, his argument is without merit.

Plaintiff has advanced other arguments which I find are without merit.  It is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I am sympathetic to Mr. Billings's claims.  Plaintiff's counsel has once again done an admirable job advocating for Plaintiff's rights in this case.  But I am unable to find reversible fault in the ALJ's opinion.  The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of light work.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is DISMISSED with prejudice.

IT IS SO ORDERED this 3rd day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE